No. 26,769.

FRED THOMPSON, *Appellee*, v. MODERN WOODMEN OF AMERICA, *Appellant*.

SYLLABUS BY THE COURT.

1. MUTUAL BENEFIT INSURANCE—*Payment of Dues—Admissibility of Evidence as to Custom—Nonprejudicial Error.* Under section 60-3317 of the Revised Statutes a judgment against a fraternal beneficiary insurance society will not be reversed because of the introduction of evidence to show a custom prevailing in the local organization by which assessments were paid to the wife or sister of the proper officer of that organization in a store operated by him, where there was no allegation in the petition concerning such a custom, but where the evidence which was introduced to establish the custom showed that the person who received the money, according to the custom, was authorized by the proper officer to receive it for him.

2. SAME—*Payment of Dues—Instructions as to Custom.* There was no error in the instructions submitting to the jury the questions mentioned in the first paragraph of this syllabus.

Appeal from Wilson district court; SHELBY C. BROWN, judge. Opinion filed October 9, 1926. Affirmed.

*W. H. Edmundson*, of Fredonia, *F. M. McDavid*, of Springfield, Mo., *Truman Plantz* and *George G. Perrin*, both of Peoria, Ill., for the appellant.

*E. D. Mikesell* and *A. A. Nattier*, both of Fredonia, for the appellee.

Appeal and Error, 4 C. J. pp. 969 n. 56, 1029 n. 30.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff, the father of Elbert Preston Thompson, sued the defendant to recover the insurance named in a beneficiary certificate issued by the defendant to Elbert Preston Thompson, in which the plaintiff is named as a beneficiary. Judgment was rendered in favor of the plaintiff, and the defendant appeals.

The plaintiff in his petition set out a copy of the certificate and alleged that Elbert Preston Thompson died on December 23, 1923, and that at the time of his death he had complied with all the requirements and conditions of the certificate and paid all dues and assessments levied against him under it. The defendant in its answer alleged that Elbert Preston Thompson did not before the last day of November, 1923, pay the assessment for that month as required by the certificate; that he had been suspended from membership in the society on December 1, 1923; and that the certificate had become void and was void at the time of his death.

The plaintiff introduced evidence which tended to prove that the wife and sister of the clerk had been authorized by him to receive money paid on dues; that, within proper time, Elbert Preston Thompson paid his November, 1923, assessment to Mrs. S. P. Shipley, the wife of the clerk of the local camp of the defendant at Neodesha, in a store operated by S. P. Shipley; that other members of the local camp had paid their dues to Mrs. S. P. Shipley and to a sister of S. P. Shipley, who also worked in the store; and that S. P. Shipley had stated to Elbert Preston Thompson that his assessments might be paid to the wife of S. P. Shipley, or to his sister. That evidence was objected to on the ground that a custom concerning the payment of assessments to other than the clerk of the local camp had not been alleged. The petition did not allege any custom concerning the payment of dues.

Special questions were answered by the jury as follows:

"1. Were the assessment and dues of Elbert Preston Thompson in the Modern Woodmen of America, for the month of November, 1923, paid to this defendant? A. Yes.

"2. If you answer the preceding question in the affirmative, state to whom said assessment and dues were paid. A. Mrs. S. P. Shipley, acting agent of clerk."

The court, in part, instructed the jury as follows:

"You are instructed that if you should find from the evidence that the de-

ceased went to the usual and customary place of making payments to the said association at Neodesha, to the clerk thereof, at his place of business during business hours and the clerk was absent therefrom at the time, but that there was some other person at the time in the store or place of business who had been authorized by the said clerk to receive the money for said assessment and dues, and if you find from the evidence that the deceased paid the necessary assessment and dues that were then due to such person you would be warranted in finding that such was a payment thereof and that the said certificate was in full force and effect at the time of the death of the deceased and your verdict should be in favor of the plaintiff."

1. The defendant contends that the court committed error in admitting evidence to show payment of the November assessment to Mrs. S. P. Shipley, and argues that it was error to admit that evidence because the petition did not contain any allegation concerning any custom to pay assessments to anyone except the clerk. If the petition had contained such an allegation there could not be any reasonable question concerning the competency or relevancy of the evidence. The question was a material one and was submitted to the jury by the special questions and by the instructions. It was tried out and decided. The defendant was not misled nor prejudiced by the fact that the matter was not alleged in the petition. *Salter v. Security Benefit Association,* 120 Kan. 395, 243 Pac. 1033, is cited by the defendant. That case does not apply in the present one, because here there was no contention that there had been any waiver. It would violate section 60-3317 of the Revised Statutes to reverse the judgment on the ground urged by the defendant.

2. The defendant contends that it was error for the court to give the instruction which has been quoted. The argument to sustain the contention is the same as that which has been advanced to support the contention that it was error to admit the evidence concerning the payment to Mrs. Shipley. It was not reversible error for the court to give the instruction of which complaint is made.

Complaint is made of the refusal of the court to give instructions requested. There was no error in refusing to give them. Each matter of which complaint is made has been examined. None of them can be sustained.

The judgment is affirmed.